# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Hit 55 Ventures, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| Bhavani, LLC and ) | Honorable: |
| Ramana Reddi, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Hit 55 Ventures, LLC ("Plaintiff") as and for its Complaint against Defendants and Bhavani, LLC ("Bhavani") and Ramana Reddi ("Reddi") (collectively, "Defendants") alleges as follows:

## Nature of the Action

1. This is an action for Breach of Contract against Bhavani and Breach of Guaranty against Reddi arising from Bhavani's default and breach of a certain promissory note entered into with Plaintiff. Reddi personally guaranteed Bhavani's obligations under the promissory note.

2. Plaintiff alternatively brings a claim for Unjust Enrichment against Defendants for their unjust retention of $150,000.00 loaned by Plaintiff and which remains unpaid by Defendants.

## The Parties

3. Plaintiff is a limited liability company and resident of Florida with its principal place of business located at 9243 Tillinghast Dr., Tampa, FL 33626.

4. Bhavani is a limited liability company and resident of Illinois with its principal place of business located at 6 Victoria Ct., Oakbrook, IL 60523.

#504469901_v1

5. Reddi is an individual who, upon information and belief, is a resident of Illinois residing at 6 Victoria Ct., Oakbrook, IL 60523.

## Jurisdiction and Venue

6. This Court has jurisdiction over the claims alleged in this Complaint pursuant to 28 U.S.C. § 1332 because the suit involves an amount in controversy in excess of $75,000, exclusive of interest and costs, and there is complete diversity of citizenships between Plaintiff and the Defendants.

7. Venue is proper in this District under 28 U.S.C. § 1391(b).

## Facts Common to All Causes of Action

8. On or around April 11, 2023, Bhavani executed that certain Amended Promissory Note in favor of Plaintiff (the "Note") whereby Plaintiff agreed to loan a principal sum of $150,000.00 (one hundred fifty thousand dollars) to Bhavani for the purpose of funding Bhavani's business growth, among other things. A true and correct copy of the Note is attached hereto as Exhibit A.

9. Bhavani promised to repay the Note pursuant to the terms contained therein.

10. On or around April 11, 2023, and contemporaneously with the execution of the Note, Reddi executed a Personal Unlimited Guaranty (the "Guaranty") in favor of Plaintiff wherein Reddi absolutely, irrevocably, and unconditionally guaranteed performance of all terms and conditions of the Note. A true and correct copy of the Guaranty is attached hereto as Exhibit B.

11. Bhavani is in default under the Note, for among other things, failing to pay the amounts due under the Note.

12. Reddi is in default under the Guaranty for, among other things, failing to satisfy his obligations pursuant to the Guaranty.

13. On or around May 21, 2024, Plaintiff notified Defendants of the default and demanded cure of the default by no later than May 31, 2024. A true and correct copy of the Demand Letter is attached hereto as Exhibit C.

14. As of May 21, 2024 the amounts due and owing under the Note totaled not less than $150,000.00 (the "Balance").

## Count I – Breach of Contract (Bhavani)

15. Plaintiff hereby incorporates by reference the factual allegations contained in the preceding paragraphs as if fully set forth herein.

16. The Note is a valid, enforceable contract between Plaintiff and Bhavani.

17. The Note is governed by and construed in accordance with the laws of the State of Florida. *See* Ex. A.

18. Plaintiff has performed all of its obligations under the Note.

19. In contrast, Bhavani has not performed its obligations under the Note on its part by, amount other reasons, failing to make payments due thereunder when those payments became due beginning in January 11, 2024, and all subsequent payments due thereafter.

20. Under the Note, Plaintiff is entitled to contractual money damages from Bhavani, as provided therein, as well as any and all additional damages specified as a remedy after default.

21. The Note also provides that Plaintiff may recover its attorneys' fees and costs of collection on all unpaid amounts due and owing under the Note. *See* Ex. A.

22. As a direct, consequent, and proximate result of Bhavani's breaches described herein, Plaintiff has suffered damages in an amount not less than $150,000.00 and is entitled to recover the same.

WHEREFORE, Plaintiff asks this Court to enter a judgment in its favor and against Bhavani for the amount due under the Note, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such further relief that this Court deems just and equitable.

### Count II – Breach of Guaranty
### (Reddi)

23. Plaintiff hereby incorporates by reference the factual allegations contained in the preceding paragraphs.

24. The Guaranty constitutes a valid and enforceable contract between Reddi and Plaintiff.

25. Plaintiff has performed all terms and conditions under the Guaranty to be performed by Plaintiff.

26. The Guaranty obligates Reddi to guaranty the payment and performance of Bhavani under the Note.

27. Reddi has not performed under the Guaranty by, among other reasons, failing to satisfy the payment obligations owed by Bhavani to Plaintiff under the Note.

28. Under the Note and Guaranty, Plaintiff is entitled to contractual money damages from Reddi, as provided therein, as well as any and all damages specific as a remedy after default and including its attorneys' fees and costs of collection on all unpaid amounts due and owing under the Note and Guaranty.

WHEREFORE, Plaintiff asks this Court to enter a judgment in its favor and against Reddi for the amount due under the Note and Guaranty, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such further relief that this Court deems just and equitable.

## Count III -Unjust Enrichment (In the Alternative)
### (All Defendants)

29. Plaintiff hereby incorporates by reference the factual allegations contained in the preceding paragraphs.

30. Defendants unjustly benefited from the Note by retaining $150,000.00 while failing to make the required payments under the Note and Guaranty, and by requiring Plaintiff to incur legal fees and costs to collect the amounts due and owing thereunder.

31. As a result, Plaintiff has suffered detriment in an amount not less than $150,000.00 caused by Defendants' refusal to remit the payments due and owing under the Note and Guaranty.

WHEREFORE, Plaintiff asks this Court to enter a judgment in its favor and against Reddi for the amount due under the Note and Guaranty, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, and interest, together with such further relief that this Court deems just and equitable.

Dated: June 25, 2024                                  Respectfully submitted,


By: /s/ Christopher R. Murphy
Christopher R. Murphy
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL  60606
Chris.Murphy@hklaw.com
Telephone:  312.263.3600
Fax:  312.578.6666

*Counsel for Hit 55 Ventures, LLC*